UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOSEPH A. FERRARA, SR., FRANK H. FINKEL,
MARC HERBST, THOMAS N. PIALI, DENISE
RICHARDSON, ANTHONY D'AQUILA,
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY
PIROZZI, as Trustees and Fiduciaries of the Local
282 Welfare Trust Fund, the Local 282 Pension
Trust Fund, the Local 282 Annuity Trust Fund, the
Local 282 Job Training Trust Fund, and the Local
282 Vacation and Sick Leave Trust Fund,

        Plaintiffs,

- against -

C.F.I. ASSOCIATES, INC., d/b/a CIPRIANO
TRUCKING,

        Defendant.
------------------------------------------------------------------ x

Civil Action No.:
09-CV-3652 (ADS)(WDW)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   MAR 14 2012   ★

LONG ISLAND OFFICE

## ORDER OF CONTEMPT AGAINST VITO CIPRIANO

Plaintiffs, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (the "Funds"), by their attorneys Cohen, Weiss and Simon LLP, in the above-captioned action, having moved the Court to Vito Cipriano ("Cipriano") in contempt, it is hereby found, pursuant to Fed.R.Civ.P. 70 and 71 and Local Rule 83.9(c) that Cipriano is in contempt of Court. The findings of fact upon which the adjudication is based are as follows:

  1.  On August 21, 2009, the Funds commenced an action against C.F.I. Associates, Inc., d/b/a Cipriano Trucking ("C.F.I.") under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 ("ERISA").

The action arose, in part, from the failure of C.F.I. to submit to audit as required by the terms of collective bargaining and trust agreements.

2. C.F.I. failed to file an answer to the Complaint, and accordingly, the Clerk of the Court entered its default (Docket No. 11).

3. Following the Funds' filing of a motion for judgment by default, the Court entered judgment. Pursuant to the Judgment entered by the Court on January 27, 2011 (Docket No. 18) (the "Judgment") C.F.I. was directed to remit $1,993,718.45 in damages, interest, and attorney's fees and costs.

4. C.F.I. failed to remit the amount due pursuant to the Judgment and has failed to comply with any of its other requirements.

5. After post judgment discovery requests were served on C.F.I., by letter dated May 5, 2011, Anthony J. Cincotta, Esq., advised that as of April 1, 2007, Cipriano purchased all shares of C.F.I. from Frederick P. Ippolito, identified as Mr. Cincotta's client. Mr. Cincotta does not represent Cipriano.

6. As a result of the representation made, Plaintiffs caused to be issued a subpoena as to Cipriano requesting document production by June 8, 2011 and scheduling a deposition for June 16, 2011 (the "Subpoena").

7. After several attempts, Cipriano was personally served with the Subpoena on June 2, 2011. Cipriano failed to provide the documentation requested by June 8, 2011, appear at the June 16, 2011 deposition, or contact the Funds or their counsel concerning the Subpoena.

8. By letter dated July 18, 2011, and sent to the address at which Cipriano

-2-

was personally served, Cipriano was warned that failure to produce the requested documentation and reschedule the deposition by July 29, 2011, would result in a motion to compel responses.

9. Cipriano failed to respond to the July 18, 2011 letter.

10. Consequently, by August 16, 2011 letter motion, the Funds moved the Court for sanctions to be imposed against Cipriano if he failed to appear at a October 27, 2011 deposition.

11. By August 25, 2011 Court Order (the "Order"), Cipriano was required to respond to the Subpoena by October 27, 2011 and to appear for the October 27, 2011 deposition. The Order specifically stated (emphasis in original): "<u>Cipriano is warned that a finding of contempt could result in significant penalties, both civil and criminal.</u>"

12. Service of the Order was personally effectuated on C.F.I. and Cipriano on September 1, 2011.

13. Despite Court Order, Cipriano failed to respond to produce the subpoenaed documents by October 27, 2011 and did not appear at the October 27, 2011 scheduled deposition.

14. On December 6, 2011, the Funds filed a motion with the Court to hold Cipriano in contempt. In particular, the Funds requested an order adjudging Cipriano guilty of civil contempt and ordering (a) that until full compliance with the Judgment and the Order is obtained, a daily fine of $1,000 be imposed against Cipriano; (b) that Cipriano also be held liable for $8,007.80 in attorney's fees and costs in preparing and enforcing the Subpoena; and (c) ordering any further relief the Court deems just.

15. On December 12, 2011, the Court entered an Order to Show Cause

-3-

directing Cipriano to show cause on January 5, 2012 as to why the Funds' motion for contempt should not be granted.

16. Service of the Order to Show Cause was personally served on Cipriano on December 13, 2012.

17. On December 13, 2012, the Court granted the Funds' letter motion request, and moved the Order to Show Cause hearing to February 8, 2012.

18. Service of the Court's December 13, 2012 Order was effectuated on C.F.I. and Cipriano.

19. Cipriano failed to appear before the Court at the February 8, 2012 Order to Show Cause hearing.

20. On February 10, 2012, the Honorable William D. Wall, U.S.M.J. issued a Report and Recommendation (the "R&R") in which he certified facts to this Court pursuant to 28 U.S.C. § 636(e) and recommended that Cipriano be held in contempt. Judge Wall also recommended that Cipriano should be (a) subjected to daily fines of $1,000 until the Subpoena is complied with; and (b) be required to pay the Funds $8,007.80 in attorney's fees and costs in preparing and enforcing the Subpoena.

21. Service of the R&R was effectuated on C.F.I. and Cipriano.

22. No objections to the R&R were filed.

23. On March 6, 2012, the Court issued an order (the "March 6 Order") adopting the R&R in its entirety and requiring Cipriano to show cause before the Court on March 14, 2012 why the Court should not find that the Funds have adduced sufficient evidence to demonstrate contempt of court.

24. A copy of the March 6 Order was mailed to Cipriano by the Court.

25. A copy of the March 6 Order was personally served on Cipriano on March 7, 2012.

26. Cipriano failed to appear before the Court at the March 14, 2012 Order to Show Cause hearing.

27. Cipriano has failed to demonstrate why the Court should not find that the Funds have adduced sufficient evidence to demonstrate contempt of court.

**NOW, THEREFORE, it is ORDERED, ADJUDGED, and DECREED that**

1. Cipriano is liable to the Funds for $10,000 in penalty for his *past + present* contempt of Court;

2. Until full compliance with the Subpoena is obtained, a daily fine of $1,000, payable to the Funds, is imposed against Cipriano; *Commencing on March 14, 2012,*

3. Cipriano is ordered to appear for deposition and produce the documentation requested by the Subpoena, on March 30, 2012 at 9:00 a.m., at the Funds' Offices, 2500 Marcus Boulevard, Lake Success, New York 11042. Should Cipriano appear for the deposition and produce the requested documentation, the $1,000 daily fine imposed will cease as of March 30, 2012.

4. This Contempt Order is to be personally served upon Cipriano via a licensed process server, *who will* and file proof of service with the Court.

**SO ORDERED.**

Dated: 3/14/12
Central Islip, New York

Hon. Arthur D. Spatt, U.S.D.J.

-5-